UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KYLE LEE PAYMENT,<br><br>    Plaintiff,<br><br>  v.<br><br>BERNARD WARNER, SCOTT FRAKES, DAN PACHOLKE, KARIE RAINER, JOHN CAMPBELL, PATRICK GLEBE, MIKE OBENLAND, STEVE SINCLAIR, MARGARET GILBERT, SCOTT RUSSELL, TIM THRASHER,<br><br>    Defendants. | CASE NO. C14-5748 RBL-JRC<br><br>ORDER TO FILE A SECOND AMENDED COMPLAINT |

  The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and Magistrate Judge Rules MJR3 and MJR4.

  Plaintiff filed this action and titled his original complaint as a class action (Dkt. 6). The Court screened the action pursuant to 28 U.S.C. §1915A and ordered plaintiff to file an amended complaint that only addressed defendants who are in this Court's jurisdiction (Dkt. 7). The Court specifically ordered plaintiff to limit his action to himself (Dkt. 7, p. 2). Plaintiff purported to act

on behalf of other persons.  As noted by the court in *McShane v. United States*, 366 F.2d 286, 288 (9th Cir. 1966), "While [a pro se plaintiff] may appear in propria persona in his own behalf (28 U.S.C. § 1654), that privilege is personal to him. He has no authority to appear as an attorney for others than himself. *Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962); *Collins v. O'Brien*, 93 U.S.App.D.C. 152, 208 F.2d 44, 45 (1953), cert. denied, 347 U.S. 944, 74 S.Ct. 640, 98 L.Ed. 1092 (1954)." *Id.*

Plaintiff's amended complaint is before the Court for screening pursuant to 28 U.S.C. §1915A.  Plaintiff has failed to comply with the Court's order and continuously references inmates as a group or makes allegations that are generalized toward inmates with mental illness who are in the IMU (Dkt 8 pp. 9-21).  Further, plaintiff provides no details regarding any specific defendant and instead presents his claims in the abstract where "defendants have been notified" or "defendants know or are deliberately indifferent to" a fact or condition (Dkt. 6, p. 20-22).

Plaintiff's 29 page amended complaint violates Fed. R. Civ. P. 8(a).  Fed. R. Civ. P. 8(a) states:

> (a) Claim for Relief. A pleading that states a claim for relief must contain:
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

To state a claim under 42 U.S.C. § 1983, at least three elements must be met: (1) defendant must be a person acting under the color of state law; and (2) the person's conduct must have deprived plaintiff of rights, privileges or immunities secured by the constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535, (1981) (overruled in part on other grounds); *Daniels v. Williams*, 474 U.S. 327, 330-31, (1986); and (3) causation *See Mt. Healthy*

*City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 286-87, (1977); *Flores v. Pierce*, 617 F.2d 1386, 1390-91 (9th Cir. 1980), cert. denied, 449 U.S. 875, (1980).  When a plaintiff fails to allege or establish one of the three elements, his complaint must be dismissed. That plaintiff may have suffered harm, even if due to another's negligent conduct does not in itself necessarily demonstrate an abridgment of constitutional protections.  *Davidson v. Cannon*, 474 U.S. 344, 106 S. Ct. 668 (1986). Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of a supervisory responsibility or position. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 n.58 (1978).  Thus, the theory of *respondeat superior* is not sufficient to state a claim under § 1983.  *Padway v. Palches*, 665 F.2d 965, 968 (9th Cir. 1982).

Personal participation is connected to causation.  The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts and omissions are alleged to have caused a constitutional violation.  *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).

Plaintiff must allege facts showing how each defendant caused or personally participated in causing the harm to plaintiff, as alleged in the complaint.  *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).   A § 1983 suit cannot be based on vicarious liability alone, but must allege that defendant's own conduct violated plaintiff's civil rights.  *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989).

Plaintiff is ordered to file a second amended complaint curing the defects in his amended complaint.  The allegations in the second amended complaint must pertain to plaintiff and not to

1 | other inmates in general. Plaintiff must state facts showing how each defendant participated in
2 | causing the harms he complains of. To aid plaintiff is structuring his complaint he is directed to
3 | use the prisoner form for civil rights complaints. The Court expects plaintiff to comply with the
4 | order to limit this action to himself and to his claims. Failure to comply with this order or failure
5 | to cure the defects in the amended complaint will result in a Report and Recommendation that
6 | this action be dismissed.

7 |     Plaintiff's second amended complaint must be filed on or before December 5,
8 | 2014. The Clerk's office is directed to send plaintiff a civil rights form and noted the
9 | December 5, 2014, date on the Court's calendar.

10 |     Dated this 5th day of November, 2014.

*[signature]*

J. Richard Creatura
United States Magistrate Judge

ORDER TO FILE A SECOND AMENDED
COMPLAINT - 4